COSTS—APPEAL—DISMISSAL—PROPRIETY OF ALLOWANCE.

Where an appeal was not dismissed upon notice previously given, but only after it was called in its regular order on the calendar, costs before and after notice of argument were properly taxed against appellant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 956.]

Action by William Dooley against the Union Railway Company of New York City.   Plaintiff's appeal from a judgment of the Appellate Division (94 N. Y. Supp. 635), reversing a judgment for him and an order denying a new trial, was dismissed by the Court of Appeals (82 N. E. 1125), and he moves to retax costs.   Motion denied.

Fromme Bros., for the motion.
James L. Quackenbush, opposed.

GIEGERICH, J.   The appellant seeks by this motion for a retaxation of costs for a disallowance of the items before and after notice of argument, which items were taxed by the clerk.   The appeal from the judgment was dismissed by the Court of Appeals on the ground that it was not appealable, and the appellant insists that the respondent is not entitled to the said items "because there was actually no argument of the appeal."   The remittitur, however, states that the cause came on for argument, and that after due deliberation the appeal in question was dismissed, with costs, and the affidavit, used upon the taxation, shows that the dismissal took place upon the argument.   Since the appeal was not dismissed upon notice previously given, but only after it was called in its regular order on the calendar, the clerk properly taxed the items objected to.   Winchester v. Jackson, 7 U. S. 514, 2 L. Ed. 516, 9 Abb. Pr. Rep. (N. S.) note at bottom of page 455.   See Kanouse v. Martin, 4 N. Y. Super. Ct. Rep. 739; In re Wray Drug Co., 93 App. Div. 456, 87 N. Y. Supp. 676.

Motion denied.

---

### McMANN v. BLOOMER.

(Supreme Court, Appellate Term.   December 20, 1907.)

LANDLORD AND TENANT—DURATION OF TERM—HOLDING OVER BY TENANT.

Where the tenant of an apartment, on the expiration of the lease on May 1st, left some of his furniture there for about a week by permission of the janitor, but no authority to grant such permission was shown, there was a holding over, rendering the tenant liable for rent for May.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 393.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Amanda McMann against Harvey N. Bloomer. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Wesselman & Kraus, for appellant.

Arthur W. Birkins, for respondent.

PER CURIAM. If there had been a disputed question of fact here, and it had been determined in favor of the tenant, we should not be inclined to disturb the judgment; but there is no dispute about the facts. The defendant himself swears:

"Q. Where were the things, in the apartment you occupied? A. Yes, sir; a few pieces of furniture. Q. How long were they there after the 1st? A. About four or five days; about 12 pieces of furniture," etc.

It is true that he swears that he had the permission to leave them from the janitor; but to make such permission available to the defendant the authority to grant same should have been shown, and the record is silent thereon. We cannot see, therefore, but that under the law, which without dispute must be accepted as settled, there was a holding over beyond May 1st, and that the defendant was answerable for that month's rental, but, under the circumstances, for that month only. The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.